IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Oppenheimer and Performance Impressions, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action 2:14-cv-3425-DCN ) |
| Beach Residential, LLC, | ) ) |
| Defendant. | ) ) |
| _____ ) | (JURY TRIAL DEMANDED) |

AMENDED COMPLAINT

COME NOW David Oppenheimer and Performance Impressions, LLC, Plaintiffs in the above captioned action, and, complaining of Defendant, show this Honorable Court as follows:

1. This is a civil action for copyright infringement arising under the Constitution, laws, or treaties of the United States and is a civil action arising under an Act of Congress relating to copyrights.

2. Plaintiffs invoke the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, pursuant to 28 U.S.C. § 1338(a) because it is related to copyrights, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

3. This case is governed by the *Copyright Act,* 17 U.S.C. § 101,

*et seq.,* the *Digital Millennium Copyright Act*, 17 U.S.C. § 1201, *et seq.* (D.M.C.A.), and laws supplemental thereto and amendatory thereof.

4. At all times material hereto, Plaintiff David Oppenheimer (hereinafter "Oppenheimer") was and is a citizen of the State of North Carolina, residing in Asheville, NC.

5. At all times material hereto, Oppenheimer was and is a professional photographer and visual artist doing business through his company, Performance Impressions, LLC.

6. At all times material hereto, Plaintiff Performance Impressions, LLC (hereinafter "Performance"), was and is a limited liability company created and existing by virtue of the laws of the state of North Carolina, with a place of business in Asheville, NC.

7. Performance was and is in the business of creating, licensing, and selling for profit photographs and visual images created by Oppenheimer.

8. On information and belief at all times material hereto, Defendant Beach Residential, LLC (hereinafter "Beach Residential") was and is a limited liability company created and existing by virtue of the laws of South Carolina, doing business as "Better Homes and Gardens Real Estate The Beach Company," with a principal place of business at 1973 Riviera Drive, Suite 7, Mt. Pleasant, SC 29464.

9. This Court has personal jurisdiction over Beach Residential because Beach Residential conducts systematic and continuous business within this judicial District, Beach Residential's agents and affiliates can be found within this judicial District, and acts giving rise to the Complaint occurred within this judicial District.

10. On information and belief at all times material hereto, Beach Residential was and is in the residential real estate brokerage business in the Charleston, SC area.

11. On information and belief at all times material hereto, Beach Residential conducted its business through the actions of a broker-in-charge and other licensees.

12. On information and belief at all times material hereto, the broker-in-charge of Beach Residential had responsibility over the actions of all associated licensees.

13. On information and belief at all times material hereto, Beach Residential advertised its brokerage services on the internet through websites managed by Beach Residential and its agents.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and pursuant to 28 U.S.C. § 1400(a) because Beach Residential conducts systematic and continuous business within this judicial District, Beach Residential's agents and affiliates can be found within this judicial District, and acts giving rise to the Complaint occurred within this

judicial District.

### FOR A FIRST CAUSE OF ACTION
(Direct Copyright Infringement)

15. Plaintiffs restate the above allegations as if set forth herein verbatim.

16. On or before May 19, 2012 Plaintiffs created a photographic image ("photograph") depicting evening in Charleston.

17. The subject photograph was owned by Oppenheimer.

18. The subject photograph was not in the public domain.

19. On May 19, 2012 Plaintiffs registered the subject photograph with the United States Copyright Office under registration number VAu 1-108-074.

20. From that date, Plaintiffs have held all the exclusive rights to the subject photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly. 17 U.S.C. § 106.

21. On or after May 19, 2012 Plaintiffs published the subject photograph on one or more websites with numerous copyright notices including a watermark with clear copyright management information.

22. On information and belief, Beach Residential hired Rebecca Bryan as a real estate agent, to provide agency services to Beach Residential's real estate brokerage business on

commission.

23. On information and belief, Beach Residential permitted and/or required its real estate agents to advertise Beach Residential's real estate brokerage services to the public.

24. On information and belief, Beach Residential acted through Rebecca Bryan in advertising its real estate brokerage services for sale to the public in interstate commerce.

25. On information and belief, Beach Residential, by and through Rebecca Bryan, used one or more reproductions of the subject photograph in commercial advertisements which promoted the sale of Beach Residential's real estate brokerage services to the public in interstate commerce, after knowingly and intentionally removing the watermark and clear copyright management information from the subject photograph.

26. On information and belief, said commercial advertisements including one or more reproductions of the subject photograph were widely displayed and made publicly available on the internet.

27. Without authority of the copyright owner or the law, Beach Residential, by and through its agent Rebecca Bryan, reproduced, displayed, distributed, and used the subject photograph for its direct financial benefit.

28. Said volitional acts of Rebecca Bryan as agent were the volitional acts of Beach Residential.

29. The said acts of Beach Residential constituted direct willful infringement of Plaintiffs' copyrights in the subject photograph. 17 U.S.C. § 504(b) and (c).

30. As a direct and proximate result of said willful infringement of Plaintiffs' copyrights Plaintiffs have suffered actual damages estimated at $12,000.00 and have incurred, and will in the future incur, attorneys' fees and costs of this action.

31. On information and belief, as a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Beach Residential as infringer received gross revenues in the year 2013 estimated at $2,023,922.46, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

32. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

33. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

FOR A SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement)

34. Plaintiffs restate the above allegations as if set forth herein verbatim.

35. On information and belief, Rebecca Bryan furthered the financial interests of Beach Residential by advertising Beach Residential's real estate brokerage services.

36. On information and belief, Rebecca Bryan reproduced,

displayed, distributed, and used the subject photograph on one or more web pages in connection with advertising featuring Beach Residential's trade name, "Better Homes and Gardens Real Estate The Beach Company," its logo, and its trade dress.

37. On information and belief, Beach Residential had the right and ability to supervise Rebecca Bryan's infringing activity.

38. On information and belief, Beach Residential had a direct financial interest in advertising its real estate brokerage services.

39. As a consequence of its financial interest and its right and ability to supervise, Beach Residential has vicarious liability for copyright infringement.

<u>FOR A THIRD CAUSE OF ACTION</u>
(Removal of Copyright Management Information)

40. Plaintiffs restate the above allegations as if set forth herein verbatim.

41. Without authority of the copyright owner or the law, Beach Residential, by and through its agent Rebecca Bryan, reproduced, displayed, distributed, and used one or more reproductions of the subject photograph from which the clear copyright management information had been removed.

42. Beach Residential, by and through its agent Rebecca Bryan, knew that the clear copyright management information had been removed from the subject photograph without the authority of Plaintiffs or the law.

43. Beach Residential, by and through its agent Rebecca Bryan, knew, or had reasonable grounds to know, that such removal of the clear copyright management information would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights.

*44.* Beach Residential, by and through its agent Rebecca Bryan, knowingly violated the D.M.C.A. 17 U.S.C. § 1201, *et seq.*

45. Due to Beach Residential' violations of law, Plaintiffs are entitled to actual damages and any additional profits measured by Beach Residential' gross revenue, and an award of attorneys' fees and costs of the action.

46. In the alternative, at Plaintiffs' election, Plaintiffs are entitled to statutory damages of $25,000.00, and an award of attorneys' fees and costs of the action.

## PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs demand trial by jury of all issues of fact, and pray that summons issue as to Defendant; that Defendant be cited and made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court issue against Defendant; that judgment be rendered for Plaintiffs and against Defendant for actual damages and all additional profits in an amount not less than $150,000.00, and for an award of attorneys' fees and costs of the action; or, in the alternative, upon Plaintiffs' election, that judgment be

rendered for Plaintiffs and against Defendant for statutory damages; and that judgment be rendered for Plaintiffs and against Defendant for declaratory relief, injunctive relief, attorneys' fees, and costs of the action; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

        RESPECTFULLY SUBMITTED:

        JOHN HUGHES COOPER, P.C.

        By: /s/John Hughes Cooper__
        JOHN HUGHES COOPER, ESQUIRE
            Federal Court ID 298
            South Carolina Bar 1387
            State Bar of Georgia 185986
            shiplaw@jhcooper.com
        JOHN TOWNSEND COOPER, ESQUIRE
            Federal Court ID 10172
            South Carolina Bar 76087
            jtc@jhcooper.com
        1476 Ben Sawyer Blvd., Suite 7
        Mt. Pleasant, SC 29464
        843-883-9099; fax 843-883-9335

        ATTORNEYS FOR PLAINTIFFS,
        DAVID OPPENHEIMER and PERFORMANCE
        IMPRESSIONS, LLC

September 4, 2014
Mt. Pleasant, South Carolina